# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **AUDREY RAYFORD, ET AL.** | **CIVIL ACTION NO. 15-2835** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KARL STORZ ENDOSCOPY-AMERICA, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Plaintiffs Audrey and Darryl Rayford ("Plaintiffs") brought this lawsuit contending that the use of a laparoscopic power morcellator during Plaintiff Audrey Rayford's hysterectomy could have potentially spread cancerous cells in her body.

Pending before the Court is a Motion for Summary Judgment [Doc. No. 63] filed by Defendants KARL STORZ Endoscopy-America, Inc., and KARL STORZ Endovision, Inc. ("Defendants"). Defendants move the Court to dismiss Plaintiffs' remaining claims under the LPLA for defect in design, inadequate warning, and express warranty, and Plaintiffs' non-LPLA claims for redhibition and loss of consortium. No opposition has been filed on behalf of Plaintiffs. For the following reasons, the Motion for Summary Judgment is **GRANTED**.

## I.   FACTS

On December 15, 2014, Plaintiff Audrey Rayford underwent laparoscopic hysterectomy surgery, performed by Dr. Tonya Sheppard at Monroe Surgical Hospital in Monroe, Louisiana. Following surgery, she was diagnosed with uterine cancer (leiomyosarcoma) based on pathological analysis of her uterine tissue. She has not experienced any spread or recurrence of

cancer during the more than three years since her surgery.

Plaintiffs allege that a KARL STORZ Rotocut G1 electromechanical morcellator was used during her hysterectomy. Morcellators are used to reduce the size of tissue within the body in order to extract the tissue laparoscopically via small incisions, thereby promoting the benefits of minimal invasive surgery. Defendants KARL STORZ Endoscopy-America, Inc., ("KSEA") and KARL STORZ Endovision, Inc., ("KSE") contend they did not design or manufacture the KARL STORZ Rotocut G1 power morecellator.

Plaintiffs contend that Defendants failed to warn regarding the possibility that power morcellation during hysterectomy surgery could potentially lead to the dissemination of an undiagnosed cancer and that the KARL STORZ Rotocut G1 was defective in design. On August 17, 2016, the Court dismissed Plaintiffs' claim for manufacturing defect and Plaintiffs' "non-LPLA" claims for strict liability, breach of express and implied warranty, fraudulent misrepresentation, and punitive damages.

Defendants have now moved for summary judgment as to Plaintiffs' remaining claims.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact.

*Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

In products liability actions under Louisiana law, the "plaintiff bears the burden of proving [the defendant's] fault, if any, and that the defendant's product caused her injuries, [and] all essential elements of her claim against the manufacturer, upon which she bears the burden of proof at trial." *Hebert, v. Miles Pharmaceuticals,* 1994 U.S. Dist. LEXIS 248, *3-4 (E.D. La. Jan. 13, 1994); *see also Willett v. Baxter Int'l, Inc.,* 929 F.2d 1094, 1100 (5th Cir. 1991). Rule 56 requires Plaintiff to come forward with sufficient evidence at the summary judgment stage to meet her burden of demonstrating facts to support the essential elements underlying each individual claim.

*Id.* The moving party is not required to produce evidence to negate the existence of material facts when the non-moving party bears the burden of proof at trial. *Broussard v. P&G Co.,* 463 F. Supp. 2d 596, 604, n. 2 (W.D. La. 2006). Instead, the moving party can satisfy its summary judgment burden by "simply pointing out the absence of evidence supporting the non-moving party's case." *Id.*

Unless the moving party meets its initial burden, the Court may not grant a motion for summary judgment, even if the motion is unopposed. *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 (5th Cir. 1995). However, pursuant to Local Rule 56.2, since no party filed an opposition and statement of contested material facts, Defendants' statement of uncontested material facts is deemed admitted for purposes of this motion. LR 56.2. ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.").

### B. Louisiana Products Liability Act

Under the Louisiana Products Liability Act ("LPLA"), LA. REV. STAT. § 9:2800.51, *et seq*, "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product . . . ." LA. REV. STAT. 9:2800.54. A manufacturer is liable if its product is found unreasonably dangerous in one of four ways: construction or composition, design, inadequate warning or nonconformity with an express warranty. *Id.*; *see also Holloway v. Midland Risk Ins. Co.*, No. 36262-CA (La. App. 2 Cir. 2002), 832 So.2d 1004, 1011 (citing *Young v. Logue*, 94-0585 (La. App. 4 Cir. 5/16/95), 660 So.2d 32).

Defendants have moved for summary judgment on all remaining claims. Defendants

4

contend that Plaintiffs' LPLA claim based on inadequate warnings fails because Plaintiffs cannot demonstrate that any allegedly inadequate warnings caused Plaintiffs' claimed damages. Defendants contend that summary judgment is proper as to Plaintiffs' LPLA defective design claim because Plaintiffs cannot support numerous essential elements of their claim. Defendants contend that they are entitled to summary judgment regarding Plaintiffs' LPLA express warranty claims because there is no evidence to demonstrate the existence of an express warranty that was untrue and that caused Plaintiffs' claimed damages.

   1. **Inadequate warnings**

Under the "learned intermediary" doctrine, as applied in Louisiana, the manufacturer of a medical device generally satisfies its duty to provide warnings to consumers by reasonably informing physicians of potential risks associated with its products. *Stahl v. Novartis Pharmaceuticals Corp.,* 283 F.3d 254 (5th Cir. 2002), at 265-266. The physician acts as a learned intermediary between the manufacturer and the patient—the decision to use the drug or medical product in a particular circumstance "rests with the doctor and the patient and not the manufacturer." *Kampmann v. Mason,* 921 So. 2d 1093, 1095 (La. App. 5 Cir. 2006).

In this case, Plaintiffs have failed to show that additional or different products warnings would have changed the treatment decision of Dr. Sheppard. The evidence shows that, prior to Mrs. Rayford's hysterectomy, Dr. Sheppard was aware of extensive information, from multiple sources, regarding the potential risks associated with power morcellators. There is no evidence that different product warnings would have changed Dr. Sheppard's treatment of Mrs. Rayford. The record shows that Dr. Sheppard continued to use KARL STORZ brand power morcellators, even up through the date of her deposition in 2016.

Defendants are entitled to summary judgment on the issue of inadequate warnings.

2. **Defective Design**

For a product to be "unreasonably dangerous" in design under the LPLA, Plaintiffs must demonstrate (1) a feasible alternative product design existed, (2) at the time the product left the manufacturer's control, (3) that would have prevented Plaintiffs' claimed damages, and (4) that would have satisfied the statutorily required risk-utility test. La. R.S. 9:2800.56; *Marks v. R.J. Reynolds,* 965 F. Supp. 857, 859-860 (W.D. La. Feb. 4, 1997).

Plaintiffs have not proposed an alternative design with any semblance of detail, have not demonstrated that any such alternative design existed at the time the power morcellator at issue left the Defendant's control, have not demonstrated that an alternative design would have prevented Plaintiffs' claimed damages, and have not provided evidence to address any of the required factors under the LPLA's risk-utility test.

Defendants are entitled to summary judgment on the issue of defective design.

3. **Express Warranty**

Under the LPLA, a product "is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue." LA.R.S. 9:2800.58. Summary judgment is appropriate when there is no qualified evidence in the record to indicate the existence of an express warranty or causation of damages due to the breach of an express warranty. *See Clay v. International Harvester Co.,* 674 So. 2d 398, 412.

There is no evidence to indicate the existence of an express warranty that Plaintiffs relied

6

on, or that any such express warranty was untrue or proximately caused Plaintiffs' claimed damages. There is no evidence to indicate that an express warranty induced the Plaintiffs or anyone else to use a KARL STORZ brand power morcellator during Plaintiff's surgery.

Defendants are entitled to summary judgment on the issue of express warranty.

### C. State Law Claims

Defendants contend that Plaintiffs cannot demonstrate numerous essential elements to Support their redhibition claim. Defendants also contend that Plaintiff Darryl Rayford's derivative loss of consortium claim fails because Defendant are entitled to summary judgment as to Plaintiffs' underlying tort claims.

#### 1. **Redhibition**

To support a claim for redhibition, Plaintiffs must demonstrate a product defect that renders the product useless or renders the use of the product so inconvenient that it must be presumed that buyer would not have bought the product had he or she known of the defect. LA. CIV. CODE ART. 2520.

In this case, the Plaintiffs were not the "buyers" of the product at issue. There is nothing to show that any alleged defects were redhibitory defects under art. 2520. Dr. Sheppard continued to use it in the years following Mrs. Rayford's hysterectomy and believed the product saved Mrs. Rayford's life. Thus, the alleged defects did not render the product useless or so inconvenient as to support a presumption that the buyer would not have brought the product had she known of the purported defects. Furthermore, Dr. Sheppard had actual awareness of any alleged defects prior to the surgery.

Defendants are entitled to summary judgment on the issue of redhibition.

### 2. Loss of Consortium

Any claim for loss of consortium by Mr. Rayford would be derivative of the underlying tort claims. *Engles v. City of New Orleans,* 872 So. 2d 1166, 1186-87 (La. App. 4 Cir. 2004). As indicated above, Defendants are entitled to summary judgment on the underlying LPLA claims for inadequate warning, design defect, and breach of express warranty, as well as on the underlying redhibition claim.

Therefore, Defendants are entitled to summary judgment on the issue of loss of consortium.

### D. Defendant KARL STORZ Endovision, Inc. (KSE)

Defendant KSE contends that it is entitled to summary judgment as to each of Plaintiffs' claims because it did not design, manufacture, or distribute KARL STORZ brand power morcellataors.

KSE asserts that it is a Massachusetts corporation in the business of manufacturing and selling optical fiber, as well as light sources, insufflators, endoflators, and flexible endoscopes including veterinary-use and industrial-use scopes. KSE contends that it never manufactured, designed, labeled, marketed, distributed, supplied, or sold any KARL STORZ branded power morcellators. It contends that it is not a manufacturer under the LPLA and that it did not conduct any activity that allegedly caused Plaintiffs' claimed damages.

There being no evidence that KSE has any connection or relevance to this matter, Defendant KSE is entitled to summary judgment.

## III. CONCLUSION

For the reasons set forth, Defendants' Motion for Summary Judgment [Doc. No. 63] is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 3rd day of April, 2018.

                                      **TERRY A. DOUGHTY**
                                      **UNITED STATES DISTRICT JUDGE**