# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **AUDREY RAYFORD, ET AL.** | **CIVIL ACTION NO. 15-2835** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KARL STORZ ENDOSCOPY-AMERICA, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Plaintiffs' Motion to Vacate Summary Judgment and/or Motion for Relief from Judgment under Rule 60(b). [Doc. No. 68].

A Motion for Summary Judgment [Doc. No. 63] was filed by Defendants KARL STORZ Endoscopy-America, Inc., and KARL STORZ Endovision, Inc. ("Defendants") on March 7, 2018. A Notice of Motion Setting [Doc. No. 64] was sent out on March 8, 2018, giving any party who opposed the motion twenty-one (21) days from the date of the Notice to file a memorandum in opposition.

No party filed an opposition. The Court filed a Ruling [Doc. No. 66] and Judgment [Doc. No. 67] granting the Motion for Summary Judgment on April 3, 2018.

On April 12, 2018, more than a week after the Summary Judgment was filed, the Plaintiffs filed the pending Motion, [Doc. No. 68] in which they move the Court to vacate the Summary Judgment and/or grant them relief from judgment under Rule 60(b). The basis for their motion is the failure of their attorney to timely file an opposition to the Motion for Summary Judgment, which was allegedly due to the failure of the attorney's paralegal to calendar the Notice of Motion

1

Setting and the deadlines set forth therein. For the following reasons, the Motion to Vacate Summary Judgment and/or Motion for Relief from Judgment under Rule 60(b) is DENIED.

Pursuant to FED. R.CIV.P. 60(B), the Court may relieve a party from a final judgment, order, or proceeding for, among other reasons, excusable neglect. "Motions under Rule 60(b) are directed to the sound discretion of the district court, and [a district court's] denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Seven Elves, Inc., v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981).

The Fifth Circuit denied relief under Rule 60(b) in circumstances where the movant had failed to respond to a motion for summary judgment due to its attorneys neglect in *Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469 (5th Cir. 1989), stating "Finally, we note that the district court entered its summary judgment order in favor of Alumax and the union, not as a default judgment, but on the merits of the dispute between the parties. Traditionally, Rule 60(b) has been applied most liberally to judgments in default since the litigant in such cases has not had an opportunity to adequately present the merits of his case to the district court. *Seven Elves, Inc.,* 635 F.2d. at 403. By contrast, the district court in the instant case ruled on the merits of the summary judgment motions only after considering various evidentiary exhibits, albeit exhibits presented by Alumax and the union, such as excerpts from Smith's deposition, portions of the transcript of the arbitration proceeding, and the written decision of the arbitrator. In sum, on the facts of the instant case, we cannot say that the district court abused its discretion in refusing to find that Smith's failure to respond to the summary judgment motions of Alumax and the unions constituted excusable neglect within the context of Rule l60(b)." at p. 1472.

Likewise, in the instant case, a summary judgment was rendered, and not a default

judgment. The record contained the merits of the Plaintiffs' case, which was presented in their various pleadings, including their Opposition [Doc. No. 16] to an earlier Motion to Dismiss. The Court had the benefit of the entire record and carefully considered it to determine whether the Defendants met their burden of showing there was no genuine issue of material fact, even in the absence of an opposition from the Plaintiffs.   [Doc. No. 66, p. 4].

An attorney's failure to monitor the court's electronic docket is not enough to constitute excusable neglect.  *See Santos-Santos v. Torres-Centeno,* 842 F. 3d. 163, 169 (1st Cir. 2016)

The mere fact that an attorney is busy with other matters does not excuse a neglect on his part for the purposes of Rule 60(b); "a mere palpable mistake by counsel" or by counsel's staff does not constitute excusable neglect under Rule 60(b).  *See McDermott v. Lehman,* 594 F. Supp. 1315, 1318 (U.S.D.C. Maine 1984).

An attorney is responsible for his or her staff.  In the Court's opinion, the failure of the paralegal to calendar a date to respond to a motion for summary judgment (a task which was evidently delegated to her by the attorney) is not "excusable neglect" for purposes of Rule 60(b).

For the reasons set forth, Plaintiffs' Motion to Vacate Summary Judgment and/or Motion for Relief from Judgment under Rule 60(b) [Doc. No. 68] is **DENIED**.

MONROE, LOUISIANA, this 13th day of April, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**